UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOE HAND PROMOTIONS, INC.,   :
      Plaintiff,    :  No. 5:15-cv-5631
            :
     v.       :
            :
JANE M. MURRAY and 401 S. 2ND ST., LLC, :
      Defendants.  :

_____

### MEMORANDUM
**Plaintiff's Motion for Summary Judgment, ECF No. 25 – Granted/Denied in part**

**Joseph F. Leeson, Jr.**              **July 18, 2016**
**United States District Judge**

## I.  INTRODUCTION

This action involves Defendants' alleged unlawful publication of a television program, for which Plaintiff had the exclusive nationwide commercial distribution rights, that was shown on televisions at Brucekies Pub at 401 S. 2nd Street, Columbia, Pennsylvania 17512. Plaintiff has sued Jane M. Murray, individually and doing business as Brucekies Pub, and 401 S. 2nd St., LLC, the owner and operator of Brucekies Pub. This matter is scheduled to proceed with an arbitration hearing on August 25, 2016. Plaintiff has filed a Motion for Summary Judgment. For the reasons set forth below, summary judgment is denied as to Jane Murray, but granted on the issue of liability against 401 S. 2nd St., LLC.

## II.  FACTUAL BACKGROUND

On October 15, 2015, Plaintiff Joe Hand Promotions, Inc., filed a Complaint asserting violations of 47 U.S.C. § 553, *et seq.*, and 47 U.S.C. § 605, *et seq.*, relating to the alleged unlawful interception, receipt, exhibition and/or publication of *Ultimate Fighting Championship 166: Cain Velasquez v. Junior Dos Santos* (telecast nationwide via closed-circuit television on

1

Saturday, October 19, 2013) (hereinafter "the Program").  ECF No. 1.  Plaintiff had the exclusive

nationwide commercial distribution rights to the Program.  Pl.'s Stmt Facts ¶¶ 1-2 (citing Hand

Aff., ECF No. 25-4).[1]

On October 19, 2013, Plaintiff's investigator, Lesley E. Acevedo, visited Bruckies Pub.

Acevedo Aff., ECF No. 25-3.  He did not have to pay a cover charge to enter the Pub and there

was no exterior signage beyond an "Open" sign.  *Id.*[2]  Inside the Pub, there were six televisions,

three of which displayed the Program, sporting events played were on two others, and the last

was showing *Saturday Night Live*.  *Id.*  Acevedo described the Program he observed and attested

that a satellite dish, which was used to intercept the event, was located outside, near the exterior

door to the Pub.  *Id.*  The bar was open for service and there were between twenty-two and

twenty-eight patrons at the Pub.  *Id.*

Generally, Defendants do not contest these facts.  *See* Defs.' Mem.  Rather, they explain

that a friend of Bruce Murray's asked if he could watch the Program at the Pub, that the friend

purchased the Program, and that his friend brought his personal box[3] to the Pub and displayed

the Program on the televisions at the Pub.  B. Murray Aff. ¶¶ 8-9.  Bruckies Pub did not license

the Program from Plaintiff to broadcast, nor pay the commercial sublicense fee of $850.00.

Hand Aff. ¶¶ 7-8.

---

[1]    Although this Court recognizes the untimeliness of Defendants' opposition to Plaintiff's Motion for Summary Judgment, *see* E.D. Pa. L.R. 7.1, and may deem each of the facts Plaintiff asserted in its Statement of Material Facts as undisputed based on Defendants' failure to properly address the same, *see* Fed. R. Civ. P. 56(e)(2), this Court has considered Defendants' allegations in their Counterstatement of Facts in deciding the facts for purposes of this Motion, *see* Defs.' Mem. 2, ECF No. 26.  The facts are largely undisputed.

[2]    Bruce Murray, Defendant's husband, confirmed that there was no cover charge at the Pub and the Program was not promoted.  Bruce Murray Aff. ¶¶ 20-21, Ex. 4, ECF No. 26.

[3]    Joe Hand, Jr., President of Joe Hand Promotions, Inc., explained that the Program could be unlawfully intercepted and broadcasted through use of a "blackbox," "hotbox," or "pancake box," which is purchased for a fee and when installed on a cable television line will allow for the descrambled reception of a pay-per-view broadcast.  *See* Hand Aff. ¶ 10.

Shortly before October 19, 2013, Jane Murray purchased Bruckies Pub.  *See* Jane Murray Aff. ¶¶ 4, 9, Ex. 3, ECF No. 26.  Specifically, she owns 401 S. 2nd St., LLC, which does business as Bruckies Pub.  *Id.* ¶ 2; Compl. ¶ 7.  She is also the individual specifically identified on the Pennsylvania Liquor Control Board license issued for Bruckies Pub.  Compl. ¶ 8.  Jane Murray attested, however, that the previous employees and manager continued to perform day-to-day operations and management.  J. Murray Aff. ¶¶ 13-14.  Further, she stated that she was not present at the Pub on October 19, 2013, did not authorize anyone to display the Program, and had no active role in management of Bruckies Pub.  *Id.* ¶¶ 6-8.

The fact discovery deadline in this case expired on April 20, 2016.  *See* Order dated January 26, 2016, ECF No. 15.  On May 10, 2016, Plaintiff filed a Motion for Summary Judgment pursuant to 47 U.S.C. § 605.[4]  ECF No. 25.

## III.   STANDARD OF REVIEW

"Through summary adjudication the court may dispose of those claims that do not present a 'genuine issue of material fact.'"  *Ill. Union Ins. Co. v. Hydro Int'l, PLC*, 929 F. Supp. 2d 365, 371 (M.D. Pa. 2013) (quoting Fed. R. Civ. P. 56(c)).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

---

[4]      "Both 47 U.S.C. § 553 and 47 U.S.C. § 605 prohibit the unauthorized interception and exhibition of communications."  *J&J Sports Prods. v. Cruz*, 2015 U.S. Dist. LEXIS 64717, at *5 (E.D. Pa. May 18, 2015).  Section "605 encompasses the interception of satellite transmissions to the extent reception or interception occurs prior to or not in connection with, distribution of the service over a cable system," while § 553 applies "[o]nce a satellite transmission reaches a cable system's wire distribution phase."  *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir. 2001) (internal quotations omitted).  "A plaintiff may seek summary judgment pursuant to only one of the statutes."  *Cruz*, 2015 U.S. Dist. LEXIS 64717, at *5.

judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.  *Id.* at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.  Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").  The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323; *Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).  "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true."  *Big Apple BMW, Inc. v. BMW of N. Am. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## IV.     ANALYSIS

### A.     *Defendants' claim that deficiencies in Plaintiff's discovery responses preclude the entry of summary judgment is without merit.*

Initially, Defendants argue that "much of the information contained in the alleged facts attached to Plaintiff's Motion for Summary Judgment were [sic] not disclosed during discovery." Defs.' Mem. Opp. 4-6, ECF No. 26.  They suggest that Plaintiff "plays fast and loose with discovery" and is flip-flopping positions by first asserting that its investigation is not complete and then filing a motion for summary judgment.  *Id.*  Defendants contend summary judgment should rarely be granted when a party has not had a sufficient opportunity to complete discovery. *Id.*  However, they do not actually request additional time to obtain discovery; rather, they suggest that Plaintiff's refusal to respond to discovery precludes summary judgment.  *Id.*

Defendants do not indicate specifically what discovery is lacking, other than to refer to Plaintiff's responses to two interrogatories dated April 20, 2016, in which it indicated that it had not yet completed its investigation and referred Defendants to an attached document.  *Id.* Defendants fail to explain, however, why they did not file a motion to compel discovery.  A party opposing summary judgment that seeks time to obtain additional discovery, must "adequately explain any 'lack of diligence' in failing to obtain the information sought."  *Glover v. Wells Fargo Home Mortg.*, 629 Fed. App'x 331, 341 (3d Cir. 2015).  Moreover, Defendants have not shown that they are unable to present essential facts to justify their opposition to summary judgment, nor have they submitted the required affidavit or declaration regarding the same.  *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").  Consequently, Defendants' arguments regarding discovery are without merit.  *See Thomas v. NBME – Nat'l Bd. of Med.*

*Examiners*, No. 13-3946, 2015 U.S. Dist. LEXIS 18738, at *14-15 (E.D. Pa. Feb. 13, 2015)

(denying the motion for discovery under Rule 56(d) because the party did not file any motions to

compel discovery and did not explain what additional discovery he needed).

### B.    Summary judgment is entered, on the basis of liability only, against 401 S. 2nd St., LLC for violating 47 U.S.C. § 605.

"To establish a violation of section 605(a), the plaintiff must prove that the defendants

'(1) intercepted a broadcast; (2) were not authorized to intercept the broadcast; and (3) showed

the broadcast to others.'" *J & J Sports Prods. v. Chauca*, No. 14-6891, 2015 U.S. Dist. LEXIS

159499, at *9-10 (E.D. Pa. Nov. 25, 2015) (quoting *J & J Sports Prods. v. Edrington*, No. 10-

3789, 2012 U.S. Dist. LEXIS 20505, at *5 (D.N.J. Feb. 16, 2012)).  Section 605 is a strict

liability offense, and intent is only relevant to the issue of damages.  *See Chauca*, 2015 U.S. Dist.

LEXIS 159499, at *9-10.

Plaintiff has established that it had exclusive distribution rights to the Program, *see*

Distributorship Agreements, Ex. 1, ECF No. 25, Defendants never contracted nor paid Plaintiff

for the rights to broadcast the Program, *see* Hand Aff. ¶ 3, but it was nevertheless shown on

televisions at Bruckies Pub on October 19, 2013, while the Pub was open for business and had

at least twenty patrons, *see* Acevedo Aff., ECF No. 25-3.  Accordingly, summary judgment, on

the issue of liability, is issued against 401 S. 2nd St., LLC, the owner and operator of Bruckies

Pub.  *See J & J Sports Prods. v. Martinez*, No. 13-6885, 2014 U.S. Dist. LEXIS 151324, at *9

(E.D. Pa. Oct. 23, 2014) (finding "ample evidence to establish each of the three elements of a

violation of § 605 by the Defendants doing business as 3 Hundred West," where the plaintiff had

exclusive commercial distribution rights for the program, but the defendants broadcast the

program to others without first contracting with the plaintiff for the rights to do so); *J&J Sports

Prods. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 675 (D.S.C. 2011) (awarding summary

judgment in favor of the plaintiff who had established, through the affidavit of an investigator

who viewed the unlawfully intercepted program being displayed on televisions at the establishment, that the defendants, Brazilian Paradise, LLC d/b/a Little Brazil, and its principal, Pepa R. Jeleva, violated 47 U.S.C. § 605(a)).

While this Court grants summary judgment against 401 S. 2nd St., LLC as to liability, because this opinion does not dispose of the entire case, as discussed below, Plaintiff's request for summary judgment on the issue of damages is denied.[5]  *See Trs. of the Nat'l Elevator Indus. Pension, Health Benefit, Educ., Elevator Indus. Work Pres. Funds, Elevator Constructors Annuity & 401 Ret. Plan v. Gateway Elevator, Inc.,* No. 09-4206, 2011 U.S. Dist. LEXIS 65719, at *27-28 n.11 (E.D. Pa. June 21, 2011) (granting partial summary judgment on the issue of liability but deferring a ruling on damages pending the court's finding of liability against the remaining defendants).  The amount of damages, as well as the issue of enhanced damages, is to be determined by the arbitration panel.

### C.    *Plaintiff has failed to show that Jane Murray is liable.*

To the extent this case was filed against Jane Murray "d/b/a Brucekies Pub," aside from the caption, the Complaint offered no allegations that Jane Murray was actually doing business as Brucekies Pub.  *See generally* Compl.  Rather, Plaintiff alleged that Jane Murray was a managing member of 401 S. 2nd St., LLC, and that 401 S. 2nd St., LLC, was the owner and operator of "the commercial establishment doing business as Brucekies Pub."  *Id.* ¶¶ 7, 14.  Jane Murray admitted these allegations insofar as 401 S. 2nd St., LLC, was an owner and operator of the commercial establishment doing business as Brucekies.  Answer ¶¶ 7, 14, ECF No. 5. Plaintiff has not presented any other evidence to show that Jane Murray was doing business as Brucekies Pub, and its request for summary judgment against Jane Murray in this capacity is therefore denied.

---

[5]     Moreover, this Court finds that Plaintiff has failed to establish through undisputed facts that it is entitled to enhanced damages against 401 S. 2nd St., LLC.

Further, to establish individual liability under § 605, the plaintiff must show that the defendant "[1] had the right and ability to supervise the alleged violations, [2] exercised control over those activities, and [3] had a direct financial interest." *Circuito Cerrado, Inc. v. Katuran*, No. 10-4343, 2011 U.S. Dist. LEXIS 100622, at *6 (E.D. Pa. Sept. 6, 2011). *See also J&J Sports Prods. v. Dougherty*, No. 12-cv-1255, 2012 U.S. Dist. LEXIS 80459, at *5-6 (E.D. Pa. June 11, 2012) (adopting the elements discussed in *Circuito Cerrado*). As to the first element, the "plaintiff must allege more than the shareholder's mere right and ability to supervise the corporation's conduct generally. . . . The plaintiff must allege that the defendant had supervisory power over the infringing conduct itself." *Martinez*, 2014 U.S. Dist. LEXIS 151324, at *11-12; *Dougherty*, 2012 U.S. Dist. LEXIS 80459, at *5-6 ("Allegations of ownership of the establishment, without more, are insufficient to establish personal liability. . . ."). *But see J&J Sports Prods. v. Cruz*, No. 14-2496, 2015 U.S. Dist. LEXIS 64717, at *15 (E.D. Pa. May 18, 2015) (finding that the defendant was vicariously and jointly liable with the corporation, which owned the restaurant where a program was unlawfully displayed, because the defendant was the legal operator of the restaurant, had the ability to supervise the violative activity, regardless of whether she did or not, and had a direct financial interest in the misconduct). A direct financial interest in the misconduct may be established if there is a cover charge to enter the premises, *see Dougherty*, 2012 U.S. Dist. LEXIS 80459, at *6, or the program is advertised outside the business, *see DIRECTV, Inc. v. Cibulka*, 2011 U.S. Dist. LEXIS 83437, at *5-6 n.4 (M.D. Pa. July 29, 2011).

The evidence establishes that Jane Murray owned 401 S. 2nd St., LLC d/b/a Bruckies Pub; *see* J. Murray Aff. ¶ 2, however, there is a dispute of material fact as to her right and ability to supervise the Pub. Specifically, Plaintiff has produced no evidence that she was the sole owner of 401 S. 2nd St., LLC. *See J & J Sports Prods. v. Kraynak*, No. 3:10cv2486, 2013 U.S.

Dist. LEXIS 14664, at *18-19 (M.D. Pa. Jan. 22, 2013) (rejecting the plaintiff's argument that the defendant received a direct financial benefit from airing the pirated program simply because he was the sole shareholder of the offending business).  Also, Jane Murray, who was not present at the time the Program was broadcasted, attested that she was not responsible for the hiring and firing of employees, and that the previous owner's manager continued to manage the Pub.  *See* J. Murray Aff. ¶ 16.  Moreover, there is no evidence that Jane Murray had a direct financial interest in displaying the Program.  No cover charge was required to enter Bruckies Pub on October 19, 2013, and the Pub did not advertise the Program in an attempt to draw customers.  *Compare Chauca*, 2015 U.S. Dist. LEXIS 159499, at *9-10 (concluding that the plaintiff had stated a claim under § 605 and that the defendant, an officer of the corporation that owned and operated the restaurant that unlawfully broadcasted the plaintiff's program was vicariously liable where he ordered the program, advertised its telecast, charged a cover charge, managed the restaurant, and was present the night it was telecasted), *with J&J Sports Prods. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009) (refusing to impose individual liability over the owner of the bar because the plaintiff did not allege that the owner was present for the violation, that he authorized or controlled it, or that he reaped commercial profit from it).  Plaintiff's request for summary judgment against Jane Murray in her individual capacity is also denied.[6]

## IV.     CONCLUSION

Plaintiff has established that it is entitled to summary judgment on the issue of liability against Defendant 401 S. 2nd St., LLC, doing business as Bruckies Pub for violating 47 U.S.C. § 605.  However, Plaintiff's request for summary judgment against Jane Murray is denied.  The issue of damages and all remaining claims shall be determined by the arbitration panel.

A separate Order will be issued.

---

[6]     Plaintiff's request for costs and reasonable attorneys' fees is therefore premature.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge